IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVIS TOUSSAINT,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. C 13-4895 CW<br>    CR 12-0407 CW<br><br>ORDER DENYING 28 U.S.C. § 2255 MOTION AND DENYING REQUEST FOR SENTENCING TRANSCRIPTS (Docket Nos. 169 and 170) |

Movant Jarvis Toussaint, a federal prisoner currently incarcerated at the United States Penitentiary in Atwater, California, filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  For the reasons stated below, the Court DENIES the motion.

## BACKGROUND

The motion and the case record show the following facts.  On December 3, 2012, Movant plead guilty to one count of conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a), and possessing a firearm in furtherance of a crime of violence and drug trafficking crime in violation of 18 U.S.C. § 924(c).  The charges were based on Movant's agreement to work with an individual, who turned out to be an undercover agent, to obtain firearms and assist in the robbery of a stash house that

was likely to have as many as fifteen kilograms of cocaine inside. There was no stash house nor was there any cocaine.  Movant's plea agreement included a waiver of his right to appeal or to file any collateral attack on his conviction or sentence, except that Movant reserved the right to argue to attack his conviction or sentence collaterally on the basis of ineffective assistance of counsel.

Movant now argues that counsel was ineffective on three grounds.  First, Movant argues that counsel's performance was deficient because he advised Movant to accept a plea agreement that included a waiver of his right to appeal or collaterally attack his conviction and sentence.  Next, Movant asserts that counsel's performance was deficient because he failed to argue at sentencing "that Petitioner's crime was manipulated by the undercover agent in order for Petitioner to receive a mandatory minimum sentence."  Motion at 8.  Finally, Movant argues that counsel's performance was deficient because he advised Movant to plead guilty to 18 U.S.C. § 924(c), which Movant asserts creates two separate offenses.

## LEGAL STANDARD

Title 28 U.S.C. § 2255(b) provides that, if a "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," the Court may dismiss the motion without seeking a response from the United States Attorney.

## DISCUSSION

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of

2

counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id.

To prevail under Strickland, a movant must pass a two-prong test. First, the movant must show that counsel's performance was deficient in a way that falls below an objectively reasonable standard. Id. at 687-88. Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689; see also Wildman v. Johnson, 261 F.3d 832, 838 (9th Cir. 2001).

Second, the movant must show that such deficiency prejudiced him, which requires a showing that counsel's unprofessional errors were so serious that, but for these errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Loveland v. Hatcher, 231 F.3d 640, 644 (9th Cir. 2000) (citing Strickland, 466 U.S. at 687). It is unnecessary for a federal court considering an ineffective assistance of counsel claim to address the prejudice prong of the Strickland test if the movant cannot establish incompetence under the first prong. Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

Movant has failed to establish either deficient performance or prejudice. The basis of Movant's first claim is that it was unreasonable for counsel to advise him to plead guilty instead of

3

pursuing an entrapment defense at trial or sentencing.  Movant further argues that counsel failed to advise him that "he could have plead guilty, challenged his sentence and still kept his rights to file post-conviction motions."  Motion at 5.  Movant provides no evidence that the government would have accepted a plea agreement in which Movant did not waive his right to appeal and collaterally attack his conviction or sentence.  The Court's experience is to the contrary.  Movant has not shown that counsel's advice fell below an objectively reasonable standard.

     Moreover, even if Movant could demonstrate deficient performance on the part of his attorney, Movant cannot demonstrate prejudice.  Movant argues that he was prejudiced by counsel's advice because, absent that advice, he "would have been able to challenge at the sentencing hearing or in a federal habeas motion that his sentence was manipulated by the undercover agent's actions."  Motion at 6-7.  However, counsel did argue at sentencing that Movant's sentence was manipulated by the agent's actions.  For example, counsel objected to application of points under the United States Sentencing Guidelines "to take into account the estimated street value of some arbitrary number of kilograms of cocaine based upon the conversations that occurred between the [undercover agent] and the defendants in this case."  Sentencing Memorandum, Docket No. 110 at 8.  Counsel further argued that the Court should impose a sentence below the range recommended by the United States Sentencing Guidelines because Movant's "conviction is the result of a sting operation in which an undercover ATF agent introduced the idea of robbing a fictional stash house.  There were no drugs and there was no risk that any

4

robbery would ever occur since it was all made-up by the agent." Id. at 14.

Not only did counsel argue that the sentence should reflect the nature of the offense, but the Court sentenced Movant below the United States Sentencing Guidelines range. The government argued that the correct Guidelines range was 101 to 123 months in custody and requested a sentence of 120 months. Counsel for Movant argued that the correct Guidelines range was ninety to ninety-seven months in custody and requested a sentence of ninety months in custody. The Court sentenced Movant to ninety-seven months in custody. Even if counsel's performance was deficient, Movant has not established that he was prejudiced.

Movant's second assertion of ineffective assistance is that counsel's performance was deficient because he "fail[ed] to assert at sentencing, for mitigation purposes, that Petitioner's crime was manipulated by the undercover agent in order for Petitioner to receive a mandatory minimum sentence." Motion at 8. However, as discussed above, counsel made such arguments.

Finally, Movant argues that counsel should not have advised him to plead guilty to 18 U.S.C. § 924(c) because, in doing so, Movant plead guilty to different offenses in one count. However, the Ninth Circuit has held that the statutory language in § 924(c) "names two distinct acts, [but] it does not create two separate offenses." United States v. Arreola, 467 F.3d 1153, 1158 (9th Cir. 2006). Accordingly, Movant has failed to demonstrate that counsel's advice fell below an objectively reasonable standard in this regard or, even if counsel's advice was deficient, that Movant was prejudiced.

5

CONCLUSION

For the foregoing reasons, the Court finds that the motion and the case record conclusively show that Movant is not entitled to relief. Accordingly, the Court DENIES the motion. Docket No. 170. Movant has also filed a request for a copy of the sentencing transcript in his case. However, he has not provided any reason that the Court should provide a copy of the transcript or why the usual ordering procedures and fees should be waived. Accordingly, the Court DENIES the request. Docket No. 169.

IT IS SO ORDERED.

Dated: 12/2/2013

CLAUDIA WILKEN
United States District Judge